UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KOFI JOHNSON,

       Plaintiff,

v.                                        Civil Case No. 13-14331
                                        Honorable Patrick J. Duggan

WAYNE COUNTY, ROBERT
FICANO, WAYNE COUNTY
FRIEND OF THE COURT, ZENELL
BROWN, FRIEND OF THE COURT
STAFF ATTORNEY, JANE DOE,
JOHN DOE, and NORBERT ZAWISLAC,

       Defendants.
_____/

## <u>ORDER OF SUMMARY DISMISSAL</u>

On October 11, 2013, Plaintiff Kofi Johnson ("Plaintiff") filed this action

against Defendants alleging fraud, abuse of process, and violations of his civil

rights pursuant to 42 U.S.C. § 1983.  Plaintiff has been granted leave to proceed *in*

*forma pauperis* under 28 U.S.C. § 1915.  Pursuant to § 1915, the Court is required

to dismiss any action brought by a plaintiff proceeding *in forma pauperis* if the

complaint is frivolous, malicious, or fails to state a claim upon which relief can be

granted, or seeks monetary relief from a defendant immune from such relief.  28

U.S.C. § 1915(e)(2).  For the reasons that follow, the Court concludes that

Plaintiff's Complaint, like the related case he previously filed, should be

summarily dismissed.  *See* Order of Summary Dismissal *Johnson v. Wayne Cnty. Friend of the Court, et al.*, No. 12-14504 (Oct. 24, 2012 E.D. Mich.) (ECF No. 3).

**Plaintiff's Allegations**

In his Complaint, Plaintiff claims that Defendant Jane or John Doe of the Friend of the Court filed a motion for Plaintiff to show cause why he should not be held in contempt for failure to comply with a court order.  (Compl. ¶ 15.)  A show cause hearing was scheduled for February 4, 2010.  (*Id*. 16.)  Plaintiff contends that he appeared at the court for the hearing, but was denied access to the court by Friend of the Court personnel.  (*Id*. ¶ 17.)  To demonstrate his presence at the court, Plaintiff attaches to his Complaint a motion to dismiss that he filed on that date. (*Id*. ¶ 18, Ex. A.)

On October 7, 2010, Detroit Police Department Officer Norbert Zawislac arrested Plaintiff on an arrest warrant entered into the LIEN system and purportedly issued by Judge Bill Callahan of the Third Circuit Court of Wayne County as a result of Plaintiff's failure to appear at the February 4 hearing.  (*Id*. ¶ 23.)  The following day, October 8, Plaintiff was remanded to the custody of the Wayne County Sheriff where he was processed and held in solitary confinement until October 11.  (*Id*. ¶ 24.)  He claims that Friend of the Court Attorney Shelly Payne interrogated him on October 11 and "illegally set terms and conditions of

2

bond, custodial incarceration, and/or release without the direct involvement, participation and/or decision of Judge Bill Callahan."  (*Id*. ¶ 25.)

In late 2010 and early 2011, Plaintiff attempted to obtain a copy of the arrest warrant, without success.  (*Id*. ¶¶ 27-31.)  Plaintiff maintains in his Complaint that there never was an arrest warrant signed by Judge Callahan and that the "Defendant Friend of the Court Representatives illegally issued a Bench Warrant [for his arrest] without the direct involvement, participation and official order of Judge Bill Callahan."  (*Id*. ¶ 21.)  Plaintiff alleges that practices, policies and/or customs of Wayne County led to the misdeeds of the Friend of the Court employees.

In Count I of his Complaint, Plaintiff alleges that John Doe or Jane Doe of the Friend of the Court engaged in fraud on the court.  In Count II, he asserts that the Friend of the Court is liable for abuse of process, in that it "exercis[ed] judicial power and authority . . . exclusively reserved by law and constitutional mandate only to judges and [which] may not be exercised by [the Friend of the Court]." (*Id*. ¶ 51.)  Plaintiff alleges an unlawful arrest and imprisonment claim under § 1983 in Count III of his Complaint against Officer Zawislac and Jane Doe or John Doe. Finally, in Count IV, he seeks to hold Wayne County liable for the other defendants' alleged misdeeds.  Plaintiff asserts that Wayne Count has established

the following policies, practices, and/or customs:

> 68.     . . . improperly training, retraining, instructing, supervising, or allowing its various Agency and Agents to perpetrate frauds under the color of state law without regard to the constitutional rights of a citizen.
>
> 69.     . . . for the purpose of violating statutes and court rules while dealing with Plaintiff. . . .

(Compl.)

Plaintiff states no allegations concerning Robert Ficano or Zenell Brown in his Complaint.

## Analysis

The Court must read a *pro se* complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). A complaint need not contain "detailed factual allegations," however, a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)." *Id.* at 555-56, 127 S. Ct. at 1965 (citations and footnote omitted).

Basic pleading requirements dictate that a plaintiff must attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555, 127 S. Ct. 1964 (explaining that in order to state a claim, the plaintiff must make sufficient allegations to give a defendant fair notice of the claim); Fed. R. Civ. P. 8(a). A complaint must allege each defendant's personal involvement with the alleged violation of the plaintiff's rights. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege which of the named defendants were personally involved in or responsible for each alleged violation of the plaintiff's rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant)

As indicated earlier, Plaintiff fails to allege any wrongdoing by Robert Ficano or Zenell Brown in his Complaint. While he seeks to hold Wayne County liable for the conduct of the Friend of the Court defendants, the Friend of the Court in fact is not part of Wayne County. Instead, as discussed further below, it is part of the Wayne County Circuit Court. *See* Mich. Comp. Laws § 552.503(1) (creating the office of Friend of the Court in each judicial circuit). As such, there

5

is no basis alleged in Plaintiff's Complaint for holding Wayne County liable.

Further, because the Friend of the Court is part of the Circuit Court, it is entitled to

Eleventh Amendment immunity.

Under the Michigan Constitution, the judiciary is a separate and independent

branch of state government and thus the circuit courts of the State of Michigan are

arms of the State.  *See Judicial Attorneys Ass'n v. State of Michigan*, 459 Mich.

291, 299, 586 N.W.2d 894, 897-98 (1998).  Each state court is part of the "one

court of justice" established by the Michigan Constitution. Mich. Const. art. VI, § 1

("The judicial power of the state is vested exclusively in one court of justice which

shall be divided into one supreme court, one court of appeals, one trial court of

general jurisdiction known as the circuit court, one probate court, and courts of

limited jurisdiction that the legislature may establish by a two-thirds vote of the

members elected to and serving in each house"); *see Smith v. Oakland Cnty.*

*Circuit Court*, 344 F. Supp. 2d 1030, 1055 (E.D. Mich. 2004). In short, the circuit

courts are part of the state government, not the county or the city. *Judges of the*

*74th Judicial Dist. v. Bay Cnty.*, 385 Mich. 710, 722-23, 190 N.W.2d 219, 224

(1971).  Eleventh Amendment immunity bars suits against arms of the state, such

as the Michigan courts and, therefore, the Friend of the Court.  *See, e.g., Merritt v.*

*Lauderbach*, No. 12-13645, 2013 WL 1148410, at *5 (Mar. 19, 2013) (concluding

that Eleventh Amendment immunity shielded the Midland County Friend of the Court from the plaintiff's lawsuit).

As stated in this Court's order summarily dismissing the previous lawsuit Plaintiff filed related to the February 4, 2010 arrest warrant and his subsequent October 7, 2010 arrest, Friend of the Court employees are entitled to judicial or quasi-judicial immunity.[1]  *See Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (explaining that "[i]t is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction" and that "[q]uasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune"); *Johnson v. Granholm*, 662 F.2d 449, 450 (6th Cir. 1981) (concluding that immunity applies to Michigan Friend of the Court employees when performing their duties); *Nowicki v. Bruff*, No. 95-2233, 1996 WL 694141, at *2 (6th Cir. Dec. 3, 1996) (unpublished opinion) (holding that eight Macomb County Friend of the Court employees sued by the plaintiff were

---

[1]Plaintiff did not name any Friend of the Court employees in the caption of his previous lawsuit, nor did he name a John and/or Jane Doe.  He did, however, allege many of the same wrongdoings committed by Friend of the Court employees that he does in the present lawsuit.

entitled to quasi-judicial immunity from suit for money damages).[2]  This immunity

applies even if the action taken by the defendant was in error, was done

maliciously, or was in excess of his authority. *Mireles v. Waco*, 502 U.S. 9, 11-13,

112 S. Ct. 286, 288 (1991) (citations omitted).  "[T]he relevant inquiry is the

'nature' and 'function' of the act, not the 'act itself.'"  *Id*. at 13, 112 S. Ct. at 288

(quoting *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S. Ct. 1099, 1108 (1978)).

"Absolute immunity applies even to misrepresentations made in such a capacity."

*Lebeau v. Michigan Dep't of Human Servs.*, No. 10-12624, 2011 WL 4962386, at

7 (E.D. Mich. Oct. 19, 2011) (citing *Pittman v. Cuyahoga Cnty. Dep't of Children*

*& Family Servs.*, 640 F.3d 716, 725-26 (6th Cir. 2011)).  Plaintiff's claims against

John and Jane Doe and the Friend of the Court Staff Attorney (presumably Shelly

Payne) relate to conduct that fell within the scope of their performance as

employees of the Friend of the Court.  As such, they are entitled to immunity.

Finally, Plaintiff alleges that Officer Zawislac unlawfully arrested him.

Plaintiff acknowledges in his Complaint, however, that the arrest was pursuant to a

warrant entered into the LIEN system.  "Police officers are entitled to rely on a

judicially secured warrant for immunity from a § 1983 action for illegal search and

---

[2]This Court attached a copy of the Sixth Circuit's decision in *Nowicki* to its
order summarily dismissing Plaintiff's prior lawsuit.

8

seizure unless the warrant is so lacking in indicia of probable cause, that official belief in the existence of probable cause is unreasonable." *Yancey v. Carroll Cnty., Kentucky*, 876 F.2d 1238, 1243 (6th Cir. 1989) (citing *Malley v. Briggs*, 475 U.S. 335, 106 S. Ct. 1092, 1098 (1986)).  Plaintiff alleges no facts in his Complaint to suggest that Officer Zawislac should have known that he could not rely on the arrest warrant reflected in the LIEN system.  As such, Plaintiff fails to state a viable claim against this defendant.

For the foregoing reasons, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted and seeks damages against Defendants immune from such relief.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Complaint is **SUMMARILY DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2).

Dated: October 30, 2013                    s/PATRICK J. DUGGAN
                                           UNITED STATES DISTRICT JUDGE

Copy to:
Kofi Johnson
22030 Avon Road
Oak Park, MI 48237